IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   TIMOTHY R. JOHANSSON | CHAPTER 13 |
| Debtor | No. 23-13546-amc |

**SECURED CREDITOR TD BANK, N.A.'S OBJECTION TO
CONFIRMATION OF DEBTOR TIMOTHY R. JOHANSSON'S CHAPTER 13 PLAN
AND OBJECTION TO DEBTOR'S BANKRUPTCY SCHEDULES**

Secured Creditor TD Bank, N.A. (hereinafter "TD Bank"), by and through its undersigned counsel, hereby files this Objection to Confirmation of Debtor's Chapter 13 Plan and Objection to Debtor's Bankruptcy Schedules, and avers as follows:

1. Movant is TD Bank, N.A., a judgment creditor of the Debtor.

2. Debtor is Timothy R. Johansson ("Johansson").

3. Debtor commenced this bankruptcy proceeding on November 22, 2023, by filing a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (the "Bankruptcy").

4. Creditor TD Bank filed a proof of claim in this Bankruptcy evidencing that at the time of filing, Movant TD Bank maintains a fully secured claim in the amount of $86,979.48. A true and correct copy of Creditor TD Bank's filed proof of claim is attached hereto and made a part hereof as Exhibit "A".

5. The indebtedness is due to the Debtor's guaranty of a commercial obligation for which all amounts were previously demanded, and for which a judgment had been entered in favor of TD Bank and against the Debtor.

6. By way of background, on or about July 17, 2020, TD Bank made a loan to TRJ Tax Advisors Inc. ("TRJ") in the principal amount of $75,000.00 (the "Loan"), as further set forth in that certain promissory note dated July 17, 2020 (the "Note").

7. In order to induce TD Bank to make the Loan to TRJ, the Debtor agreed to unconditionally guaranty all of TRJ's obligations to TD Bank, as set forth in that certain commercial guaranty agreement dated July 17, 2020 (the "Guaranty").

8. The Note required TRJ to repay to TD Bank the principal balance with all interest due in accordance with the terms set forth therein.

9. TRJ is in default of the Note due to its failure to make the required payments of principal and interest as and when due.

10. Debtor Johansson is in default of the Guaranty by failing to cure TRJ's defaults.

11. On October 17, 2023, TD Bank filed a Complaint in Confession of Judgment against TRJ and against the Debtor in the Philadelphia Court of Common Pleas at October Term, 2023, Docket No. 01741, by which a judgment in the amount of $86,979.48 was entered in favor of TD Bank and against both TRJ and the Debtor, jointly and severally (the "Judgment").

12. The Judgment was transferred to Bucks County, at docket no. 2023-06932 (the "Transferred Judgment").

13. The Transferred Judgment is a valid and enforceable lien against the Debtor's real property located in Bucks County, which includes but is not limited to the Debtor's residence located at 156 New Jersey Avenue, Chalfont, PA (the "Residence").

14. The Judgment (and Transferred Judgment) remains unpaid and unsatisfied.

15. On November 22, 2023, the Debtor filed a proposed Chapter 13 Plan (the "Plan"); however, the Debtor's Plan was clearly not filed in good faith, and is not confirmable.

16. Despite the fact that TD Bank maintains a fully secured claim of over $86,000.00, which claim is secured by the Transferred Judgment which is a valid recorded lien against the Debtor's Residence; and despite the fact that there is sufficient equity in the Residence that could

be used to pay the Transferred Judgment (after deducting the sums due on the mortgages and the Debtor's exemption); and despite the fact that all amounts are due and owing in full, the Debtor's Plan proposes to pay Secured Creditor TD Bank absolutely nothing through the Trustee, and no amounts through the Plan. A true and correct copy of Debtor's Plan is attached hereto and made a part hereof as Exhibit "B".

17. Additionally, the Debtor does not even list TD Bank as a secured creditor.

18. Further, the Debtor's Schedules state that the value of the Debtor's Residence, against which TD Bank has a valid and enforceable lien, is only $683,525.00.

19. However, Zillow.com values the residence at $712,100 as of November, 2023, a difference of almost $30,000.00. A true and correct copy of the Zillow.com report indicating same is attached hereto as Exhibit "C".

20. Based on the attached evidence, the Debtor is severely undervaluing the Residence in order to make it appear that there is little to no equity available in the Residence.

21. However, if the Residence is properly valued there should be sufficient equity to fully secure TD Bank's lien.

22. Specifically, there are two mortgages against the Residence, a mortgage from PHH with a balance in the amount of $479,392 and a mortgage from Signature FCU with a balance of $98,599.00.

23. Therefore, there should be $106,209 in equity in the Residence (after deducting the first two mortgages and the Debtor's $27,900 exemption) from the proper valuation of the Residence, which equity fully secures TD Bank's Judgment lien.

24. Due to the deficiencies set forth above, and as the Plan proposes to pay Secured Creditor TD Bank nothing through or outside of the Plan, Secured Creditor TD Bank objects to

confirmation of the Debtor's Bankruptcy Plan.

25. The Plan is not confirmable, and the Plan was clearly not proposed in good faith.

26. To be entitled to confirmation, a chapter 13 plan must have been "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3).

27. "Good faith" is a pervasive concept in the Bankruptcy Code and plays a role in the determination of whether a chapter 13 plan may be confirmed. As observed in one commentary:

> It is said that the good faith requirement "prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes."

*Jensen v. Froio (In re Jensen)*, 369 B.R. 210 (Bankr. E.D. Pa. 2007).

28. Creditor TD Bank has the initial burden of articulating a clear and cognizable good faith objection. *Id.*

29. Once Creditor TD Bank meets that burden, the ultimate burden then shifts to the Debtor to persuade the court to overrule the objection and confirm the plan. *See In re Fricker*, 116 B.R. 431, 438 (Bankr. E.D. Pa. 1990).

30. In this matter, Secured Creditor TD Bank has presented numerous clear and cognizable good faith objections to the Debtor's Plan, including, but not limited to (1) the value of the Residence is significantly higher than stated by the Debtor, and (2) the Debtor proposes to pay Secured Creditor TD Bank $0.00 through the Plan, despite the fact that TD Bank's Transferred Judgment lien is fully secured.

31. Thus, the burden is shifted to Debtor Johansson to persuade the court that his Plan is feasible and proposed in good faith.

32. Based on the above deficiencies, the Debtor cannot meet his burden.

33. The Debtor's Plan must not be confirmed by the Court, and the Debtor must be required to either amend both his Schedules and his filed Plan in order to cure these serious issues.

34. If the Plan and Schedules are not amended, then this bankruptcy filing should be dismissed so that secured creditor TD Bank may pursue its state authorized rights and remedies against the liened residence.

WHEREFORE, Creditor TD Bank, N.A. respectfully objects to confirmation of Debtor's Chapter 13 Plan, and to Debtor's filed bankruptcy schedules.

BERGER LAW GROUP, P.C.

Dated: 1/3/24    By: _____
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Rosemont, PA 19010
610-668-0774
Berger@BergerLawPC.com
*Attorneys for TD Bank, N.A.*